**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONALD D. PARKELL,<br>Plaintiff,<br><br>v.<br><br>STEPHEN SHYERS, LT. JOHN DOE, AND SGT. JOHN DOE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-319-GBW-SRF |

**REPORT AND RECOMMENDATION**

On March 13, 2025, Plaintiff Donald D. Parkell ("Plaintiff"), proceeding *pro se,* commenced this action by filing a motion for a temporary restraining order and/or a preliminary injunction under 42 U.S.C. § 1983. (D.I. 1) Plaintiff was at all relevant times an inmate at Sussex Correctional Institution ("SCI") in Georgetown, Delaware. (D.I. 19). Plaintiff named the following SCI Defendants, Warden Phillip Parker, John Doe, Food Services Director, Dave Chaplain, Lt. John Doe, and Sgt. John Doe (collectively, "Defendants"). (D.I. 1) Plaintiff alleged violations of his civil rights for being denied access to a kosher diet. (*Id.*) Plaintiff filed a Complaint on April 25, 2025, asserting the same claims against the same Defendants, with the exception of Dave Chaplain, because Plaintiff no longer intended to pursue any claims against him. (D.I. 11 at 13) As of this date, the *pro se* Plaintiff has failed to respond to three court orders compelling his response to matters pending on the docket. (D.I. 25; D.I. 33; D.I. 34) Accordingly, for the reasons which follow, the court recommends that the pending action be DISMISSED WITH PREJUDICE, for lack of prosecution under Fed. R. Civ. P. 41(b).

## I. BACKGROUND

On May 29, 2025, the court entered an Order granting Plaintiff leave to proceed *in forma pauperis* and screened his complaint pursuant to 28 U.S.C. Sections 1915(e)(2)(B) and 1915A.

(D.I. 19). In the Order, the court denied Plaintiff's motion for a temporary restraining order and/or a preliminary injunction and his motion for judgment, and issued a service order. (*Id.* at 1-4) Defendants entered their appearance through counsel and identified Defendant Stephen Shyers as the prison Food Service Director in place of the "John Doe" used in the pleading. (D.I. 20; D.I. 24) On October 27, 2025, the court ordered that the Plaintiff "shall immediately move the Court for an Order directing amendment of the caption and service of the complaint as to Stephen Shyers, previously identified as John Doe Food Services Director. [And] on or before November 28, 2025, Plaintiff shall file a response to Defendants' October 23, 2025 letter (D.I. 24) to provide additional information regarding dates, times, particular shifts, or other personally identifying information, so that the remaining Doe Defendants may be identified." (D.I. 25) The Plaintiff did not respond to the court's Order.

On February 27, 2026, Defendants filed a motion to dismiss on the basis that Plaintiff's claims were barred by sovereign immunity and, alternatively, Defendants' qualified immunity. (D.I. 29; D.I. 30) Plaintiff did not respond to the motion, and Defendants informed the court that the copy of the motion they served on the Plaintiff at SCI was returned with the notation "released." (D.I. 31) The court entered an Order compelling the Plaintiff to respond to the motion by May 22, 2026. (D.I. 33) When the Plaintiff failed to respond, the court issued a Show Cause Order compelling the Plaintiff to docket a response no later than August 31, 2026, explaining why the case should not be dismissed for lack of prosecution. (D.I. 34) Plaintiff did not respond to the Order.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order ...." Fed. R. Civ. P. 41(b). "Under Rule 41(b), a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer,* 642 Fed. Appx. 100, 102 (3d Cir. 2016). A dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b)

The court should assess the following six factors to determine whether a dismissal for failure to prosecute is warranted. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) any history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the merit of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand*, 923 F.3d at 128; *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). The court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190; *see also Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## III. DISCUSSION

I recommend that the *Poulis* factors warrant *sua sponte* dismissal of Plaintiff's claims. The record reflects that Plaintiff has not filed anything on the docket or communicated with the court

in over a year. Plaintiff has not responded to three court orders (D.I. 25; D.I. 33; D.I. 34) or to Defendants' motion to dismiss. (D.I. 29)

Plaintiff's failure to respond in over a year to court orders and matters pending on the docket demonstrates a history of dilatoriness. As a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Defendants have demonstrated in their motion to dismiss that they have meritorious defenses based on their sovereign immunity or qualified immunity. (D.I. 30) Continuing the action would be prejudicial to Defendants, who cannot meaningfully seek closure of the case. Plaintiff's apparent abandonment of the present litigation further confirms that sanctions other than dismissal would not be effective in this instance. On balance, the *Poulis* factors weigh in favor of dismissal of the action with prejudice.

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

**ORDER**

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on __________ __, 2026 is **ADOPTED**.
2. Defendants' motion to dismiss (D.I. 29) is dismissed as moot.
3. The case is dismissed with prejudice for failure to prosecute.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to

object to legal conclusions may result in the loss of the right to *de novo* review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 2, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE